IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 23-cv-003385<br><br>Bankruptcy Case No. 12-12020<br>Chapter 11<br><br>Jointly Administered |
| ROWENA DRENNEN, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, *et al.*,<br><br>Defendants. | **RELATED CASE**<br>District Court<br>Case No. 1:15-cv-02712-jpo<br><br>Adv. Case No. 15-01025-dsj |

## DEFENDANTS' RESPONSE TO MOTION TO WITHDRAW THE REFERENCE

It is unclear why Plaintiffs filed this motion now (and without conferring with Defendants) instead of waiting until the objections and responses to the Bankruptcy Court's Report & Recommendation have been filed under the timeframe stipulated to by the parties. Although Defendants agree that this case must return to the District Court because the Bankruptcy Court is without constitutional authority to conduct a trial in this case (if one is required) or to enter a final judgment on any claim, Defendants submit this response to make sure that the objection process is not short-circuited and that the required *de novo* review is not avoided. Defendants are entitled by law to *de novo* review in this Court of the Bankruptcy Court's proposed summary judgment decisions, and they have been working diligently on objections to those decisions based on the stipulated schedule. Therefore, Defendants respectfully request the Court to hold the motion in abeyance until after the objections to the

1

Bankruptcy Court's decisions are resolved.

## BACKGROUND

This is a non-core case in which Plaintiffs seek hundreds of millions of dollars in damages for alleged breach of contract under a tower of insurance policies or, alternatively, a declaratory judgment that they are entitled to coverage. Plaintiffs filed the case as an adversary proceeding in 2015. Adv. Pro. ECF Doc. 1. This Court has subject matter jurisdiction because the case is "related to" the underlying bankruptcy case within the meaning of 28 U.S.C. § 1334(b) and because there is diversity under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

By operation of this Court's Standing Order of Reference, 12 Misc. 32 (Feb. 1, 2012), the adversary proceeding was automatically referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a), which authorizes district courts to refer such cases to the bankruptcy judges for the district.

All Defendants timely moved to withdraw the reference of this case in 2015. This Court denied the motion, holding that: (1) this action is a non-core case within the meaning of 28 U.S.C. § 157(b), but (2) the bankruptcy judge's "continued management of this case benefits both the parties and this Court." Adv. Pro. ECF Doc. 266 at 7-8 (Dec. 21, 2015). This Court also stated: "experience strongly suggests that having the benefit of the bankruptcy court's report and recommendation will save the district court and the parties an immense amount of time." *Id.* at 7 (cleaned up). The Bankruptcy Court then proceeded under authority of 28 U.S.C. § 157(c)(1), which authorizes a bankruptcy judge to "hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."

The Bankruptcy Court issued a summary judgment decision concerning certain exclusions (related to mortgage fees) in the primary insurance policy in January 2020 and, following further

discovery, a second summary judgment decision resolving eleven summary judgment motions in December 2022. Adv. Pro. ECF 963. The Court's 171-page decision on those eleven motions concluded that summary judgment should be entered on certain claims and defenses and that a jury trial is required on other claims and defenses. *Id.* (The parties also identified other defenses on which no summary judgment motion was made.)

On January 31, 2023, the Bankruptcy Court entered an order to govern future proceedings. The court concluded (1) "this Court lacks authority under Article III of the United States Constitution to preside over the trial of this action or to enter a final judgment;" (2) the Bankruptcy Court was not required by 28 U.S.C. § 157(c)(1) to enter proposed findings of fact or conclusions of law because it had not conducted any fact-finding proceeding; and (3) the Court's two summary judgment decisions were deemed "together to constitute this Court's report and recommendation to the District Court with regard to matters raised in the parties' various summary judgment motions." Adv. Pro. ECF 973 at 2, 5.

The parties then stipulated to a schedule for filing objections to the Bankruptcy Court's Report & Recommendation and replies to those objections. Adv. Pro. ECF 980. Under that stipulation, objections are due on May 22, 2023 and replies are due on July 5, 2023. Adv. Pro. ECF 977.

Plaintiffs filed their motion to withdraw the reference on April 21, 2023 without meeting and conferring with Defendants.

### **GOVERNING STATUTES, RULES, AND STANDING ORDER**

28 U.S.C. § 157 provides, in part:

> **(a)** Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

3

* * *

**(c)(1)** A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

**(d)** The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. * * *

Bankruptcy Rule 9033 provides, in part:

**(b) Objections: Time for Filing.** Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.

* * *

**(d) Standard of Review.** The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Local Bankruptcy Rule 9033-1 provides, in part:

If the Court determines that it cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred to the Court and designated as core under section 157(b) of title 28, and the Court hears the proceeding, Rule 9033(a), (b), and (c) of the Federal Rules of Bankruptcy Procedure shall apply.

This Court's Standing Order of Reference Re: Title 11, 12 Misc. 32, provides:

> Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.
>
> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

## **ARGUMENT**

The Court should hold the motion in abeyance until after the objections to the Bankruptcy Court's decisions are resolved.

The parties stipulated that "any objection to [the Bankruptcy Court's] Report and Recommendation shall be filed on or before 35 days after the date of entry of the Court's ruling on the Motion for Reconsideration." Adv. Pro. ECF 977. That deadline, to which Plaintiffs agreed, is May 22, 2023. Responses to objections are due July 5, 2023. Given that timeline, requesting that this Court withdraw the reference a month before objections are due appears premature.

In addition, Plaintiffs' failure to meet and confer, together with the precipitous timing of the motion, suggests that Plaintiffs may attempt to use the motion to withdraw the reference to bolster their attempt to avoid *de novo* review of certain rulings that the Bankruptcy Court made in their favor. In the Bankruptcy Court, Plaintiffs contended that *de novo* review by this Court is appropriate only for bankruptcy-court "rulings that finally resolve a claim or affirmative defense." Adv. Pro. ECF 972 at 10. Plaintiffs' position was incorrect, and to the extent that Plaintiffs are attempting to use the

5

present motion to gain an edge in that argument, this Court should reject it out of hand: "the court must employ [withdrawal of the reference] judiciously in order to prevent it from becoming just another litigation tactic." *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992).

I.  **The Court Should Not Permit Plaintiffs To Use Withdrawal Of The Reference To Avoid *De Novo* Review**

*De novo* review is required in this case by Article III and by the applicable statute, 28 U.S.C. § 157(c)(1). Congress enacted that statute as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. 98-353, in response to the Supreme Court's decision holding unconstitutional the structure established in the Bankruptcy Reform Act of 1978. *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). In *Northern Pipeline*, the Supreme Court held that bankruptcy-court adjudication of state-law claims that are merely "related to" bankruptcy cases unconstitutionally encroaches on the power vested in the judiciary by Article III. *Id.* at 76 ("Art. III bars Congress from establishing legislative courts to exercise jurisdiction over all matters related to those arising under the bankruptcy laws.") (plurality opinion). Congress therefore restructured the bankruptcy courts to make them units of the district courts, *see* 28 U.S.C. § 151, and enacted § 157(c)(1)'s requirement of *de novo* review in order to comply with the Supreme Court's holding that, in traditional state-law cases, "the functions of the [bankruptcy judge] must be limited in such a way that 'the essential attributes' of judicial power are retained in the Art. III court." *N. Pipeline*, 458 U.S. at 81 (plurality opinion).

Section 157(c)(1) thus provides that "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." This is such a case. The statute then goes on to instruct both the bankruptcy judge and the district judge as to their respective roles in such cases:

6

> In such proceeding, **[1]** the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and **[2]** any final order or judgment shall be entered by the district judge **[a]** after considering the bankruptcy judge's proposed findings and conclusions and **[b]** after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1) (bracketed signals added). Clause **[1]** instructs the bankruptcy judge. It says: "the bankruptcy judge *shall submit* proposed findings of fact and conclusions of law to the district court." *Id.* (emphasis added). The phrase "shall submit" is mandatory, not precatory. This text does not contain any exceptions, exclusions, caveats, or carve-outs. Clause **[2]** instructs the district judge. It says: "any final order or judgment shall be entered by the district judge **[a]** after considering the bankruptcy judge's proposed findings and conclusions and **[b]** after reviewing de novo those matters to which any party has timely and specifically objected." *Id.* (bracketed signals added). Thus, the two prerequisites to the entry of *any* final judgment in this case are that the district judge must "consider[] the bankruptcy judge's proposed findings and conclusions," and must "review[] de novo those matters to which any party has timely and specifically objected." *Id.* Plaintiffs' position that proposed findings are required *only* where the bankruptcy court recommends a final disposition of the entire case finds no support in the text of the statute. The statute makes the requirement for a bankruptcy judge to propose findings of fact and conclusions of law mandatory in all cases in which the judge "hear[s] a proceeding that is not a core proceeding." *Id.* Indeed proposed findings and conclusions, and *de novo* review of those findings, are a prerequisite for entry of judgment by the district court in such a case.

The Supreme Court and other courts have repeatedly described these requirements—including *de novo* review—as mandatory in all non-core cases. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) ("If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of

7

law. Then, the district court must review the proceeding de novo and enter final judgment."); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 671 (2015) ("Absent consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district courts review *de novo*."); *Stern v. Marshall*, 564 U.S. 462, 475 (2011) (The bankruptcy judge "may only 'submit proposed findings of fact and conclusions of law to the district court.' It is the district court that enters final judgment in such cases after reviewing *de novo* any matter to which a party objects") (quoting § 157(c)(1)); *accord USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 509 (7th Cir. 2022) ("In non-core matters, a bankruptcy court is tasked with preparing proposed findings of fact and conclusions of law for the district court's review."); *In re Money Centers of Am., Inc.*, 579 B.R. 710, 714 (S.D.N.Y. 2016) ("Because the claims are non-core, and RBSM does not consent to the Bankruptcy Court entering a final judgment, the Bankruptcy Court is required to issue proposed findings of fact and conclusions of law on dispositive motions which are subject to de novo review by the district court."); *SIPC v. Bernard L. Madoff Inv. Sec*. LLC, 490 B.R. 46, 56 (S.D.N.Y. 2013) ("[T]he history and structure of § 157 indicate that Congress 'clearly wanted Bankruptcy Judges to finally adjudicate bankruptcy-related matters whenever Article III permitted them to do so, and to issue recommended findings subject to de novo review in the District Court whenever it did not.'") (quoting *Kirschner v. Agoglia*, 476 B.R. 75, 82 (S.D.N.Y. 2012), quoting *In re Coudert Bros. LLP*, 2011 WL 5593147, at *13 (S.D.N.Y. Sept. 23, 2011)).

This Court's standing order of reference provides that "[t]he district court may treat *any* order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution." Standing Order, No. 12 Misc. 32 (Jan. 31, 2012).

Finally, and contrary to Plaintiffs' suggestion in the Bankruptcy Court, the law-of-the-case doctrine cannot be used to shield bankruptcy-court rulings from review by this Court. Failure to engage in *de novo* review would violate Defendants' rights under Article III and § 157(c)(1) and prejudice the Defendants. Because this Court is obliged to *review* "de novo those matters to which any party has timely and specifically objected," the law-of-the-case doctrine does not apply to it. Otherwise, "the initial incorrect ruling would bind not only the court that made it, but also the court of appellate review, whose function is to correct errors, rather than perpetuate them." *Colvin v. Keen*, 900 F.3d 63, 72 (2d Cir. 2018).

## II. <u>Plaintiffs' Motion to Withdraw the Reference Should Be Held In Abeyance</u>

Functionally, Plaintiffs' motion duplicates procedures already in place. Section 157(c)(1) requires the Bankruptcy Court to make "proposed findings of fact and conclusions of law." 28 U.S.C. § 157(c)(1). Bankruptcy Judge Jones expressed discomfort with the concept of entering proposed findings of fact in the absence of a bench trial. It is true that the "findings of fact" "label does not fit comfortably on a bankruptcy court's proposed disposition of a motion for summary judgment." *Citibank N.A. v. Bombshell Taxi LLC*, No. 15 Civ. 5067 (BMC), 2017 WL 3054832, at *1 n.1 (E.D.N.Y. July 19, 2017). But "it is understood in this context that a bankruptcy court's proposed findings of fact means proposed findings of *undisputed* fact." *Id* (emphasis in original).[1] In addition, this Court's

---

[1] More generally, Rule 52(a) of the Federal Rules of Civil Procedure permits a district court to decide a summary judgment motion without making findings or conclusions. Here, however, the Bankruptcy Court wrote two lengthy opinions that reflected extensive fact-finding work and legal analysis (including identifying disputed issues of fact). Although "[t]here is no requirement that the trial judge make findings of fact" in resolving summary judgment motions, "in many cases . . . findings are extremely helpful to a reviewing court." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 & n.6 (1986); *Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 241 n.6 (5th Cir. 1993) (similar); *see FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 272 (1991) ("[T]he District Court issued its findings of fact and conclusions of law in support of its ruling that IMI was entitled to summary judgment."); *cf. Wyoming v. Oklahoma*, 502 U.S. 437, 441 (1992) ("[T]he

standing order of reference anticipates that this Court will "treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution." 12 Misc. 32 (Jan. 31, 2012).

Accordingly, the case is subject to 28 U.S.C. § 157(c)(1) and the Court should hold the motion in abeyance until after the objections to the Bankruptcy Court's decisions are resolved.

## CONCLUSION

For the foregoing reasons, this Court should hold the motion in abeyance until after the objections to the Bankruptcy Court's decisions are resolved.

Dated: April 26, 2023

Respectfully submitted,

**ARNOLD & PORTER
  KAYE SCHOLER LLP**

_____
Kent A. Yalowitz
Carmela T. Romeo
Daniel Bernstein
250 West 55th Street
New York, New York 10019
(212) 836-8000
kent.yalowitz@arnoldporter.com
carmela.romeo@arnoldporter.com
daniel.bernstein@arnoldporter.com

*Attorneys for North American Specialty Insurance Company*

---

Special Master recommended findings of fact, to which the parties do not object, and conclusions of law generally supporting Wyoming's motion for summary judgment and rejecting Oklahoma's motion for summary judgment.").

By: /s/ J. Gregory Lahr
**HINSHAW & CULBERTSON LLP**
J. Gregory Lahr
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 471-6218(Telephone)
(212) 935-1166 (Facsimile)
glahr@hinshawlaw.com

*Attorneys for Certain Interested Underwriters at Lloyd's, London*


By: /s/ Ronald P. Schiller
**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
Ronald P. Schiller
Sharon F. McKee
Caroline L. Rice
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200 (Telephone)
(215) 568-0300 (Facsimile)
rschiller@hangley.com
smckee@hangley.com
crice@hangley.com
*Attorneys for Defendant Steadfast Insurance Company*

By: /s/ Scott A. Schechter
**KAUFMAN BORGEEST & RYAN LLP**
Scott A. Schechter
Patrick Stoltz
200 Summit Lake Drive, 1st Floor
Valhalla, New York 10595
(914) 449-1000 (Telephone)
(914) 449-1100 (Facsimile)
sschechter@kbrlaw.com
pstoltz@kbrlaw.com

*Attorneys for Defendant St. Paul Mercury Insurance Company*

By: /s/ Harry Lee
**STEPTOE & JOHNSON LLP**
Harry Lee
John O'Connor
Alexandra R. Galdos
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8112 (Telephone)
(202) 429-3902 (Facsimile)
hlee@steptoe.com
joconnor@steptoe.com
agaldos@steptoe.com
*Attorneys for Defendant Clarendon National Insurance Company*


By: /s/ Thorn Rosenthal
**CAHILL GORDON & REINDEL LLP**
Thorn Rosenthal
Taylor K. Elicegui
80 Pine Street
New York, New York 10005
(212) 701-3000 (Telephone)
(212) 269-5420 (Facsimile)
trosenthal@cahill.com
telicegui@cahill.com

*Attorneys for Defendant Swiss Re International S.E. (formerly known as SR International Business Insurance Company Ltd.)*

By: */s/ Patrick M. Kennell*
**KAUFMAN DOLOWICH & VOLUCK, LLP**
Patrick M. Kennell
Kevin M. Mattessich
60 Broad Street – 36th Floor
New York, New York 10038
(212) 485-9600 (Telephone)
(212) 485-9700 (Facsimile)
pkennell@kdvlaw.com
kmattessich@kdvlaw.com

*Attorneys for Defendant Continental Casualty Company*