Perkins Coie

700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

T +1.202.654.6200
F +1.202.654.6211
PerkinsCoie.com

May 18, 2023

Vivek Chopra
VChopra@perkinscoie.com
D. +1.202.654.6257
F. +1.202.654.9960

**VIA ELECTRONIC FILING**

The Honorable J. Paul Oetken
United States District Court
40 Foley Square
Room 2101
New York, NY 10007

Re: *Rowena Drennen, et al. vs. Certain Underwriters at Lloyd's of London, et al.*, Case No. 23-CV-03385-JPO

Dear Judge Oetken:

We represent the ResCap Liquidating Trust (the "Trust") in the above referenced matter and write on behalf of all parties to clarify the following: (1) the Court's preferred procedure for citations to the Bankruptcy Court docket in the parties' upcoming objections briefing; and (2) the Court's preferred method for the parties to provide documents filed in a redacted format or under seal in the Bankruptcy Court.

Throughout this litigation, the Bankruptcy Court entered hundreds of electronic entries, including pleadings, motions, memoranda, statements of facts, declarations, exhibits, orders, and other miscellaneous items. In their upcoming objections briefing, the parties intend on referencing many of these documents from the Bankruptcy Court by citing the ECF number of each document. Some of the parties do not intend on re-filing these documents with this Court, because it is the parties' understanding that the Court can access the documents on the Bankruptcy Court docket using the ECF number and the shared electronic filing system; however, some parties may include previously-filed exhibits attached to a Declaration as part of their objection. We write now to confirm that the Court can access the previously filed documents and that the parties need not re-file the documents with this Court under Case No. 23-CV-03385 when they file their objection and opposition briefs unless they choose to do so.

In addition, over the course of the Bankruptcy Court proceedings, the parties filed numerous documents either in a redacted format or under seal pursuant to the parties' protective order. These redacted and/or sealed documents include both exhibits attached to the parties' filings and versions of statements of fact and memoranda of law. Copies of these documents in an unredacted format were not filed electronically and were instead provided directly to the Bankruptcy Court via paper copies and electronic communication. Thus, the unredacted versions

and/or sealed documents will not be accessible to the Court via ECF. The parties may also reference some of these unredacted and/or sealed documents in their upcoming objection and opposition briefs. We are aware of Section 2.E of this Court's Individual Rules and Practices in Civil Cases, which provides the process for filing unredacted or sealed filings in the SDNY, which is a different process than was used in the Bankruptcy Court. We can either email to the Court the unredacted and under seal documents that were previously filed in the Bankruptcy Court as a courtesy, or we can follow the procedure set forth in Section 2.E. So, we write to ask how the Court would prefer the parties provide these documents that were previously filed in redacted format or under seal.

Sincerely,

Vivek Chopra

VC:mcv