**EXHIBIT**

**21**

**TO YALOWITZ DECL.**

# EXHIBIT B



# Lloyd's Insurance

**Effected through**

**AON GROUP LIMITED**

**This is to Certify** that in accordance with the authorisation granted under the Contract Number 823/FB0000296 to the undersigned by certain Underwriters at Lloyd's, whose definitive numbers and the proportions underwritten by them are shown in the Table attached hereto, and in consideration of the payment of the premium specified herein, the said Underwriters are hereby bound, severally and not jointly, their Executors and Administrators, to insure in accordance with the terms and conditions contained herein or endorsed hereon.

The identity of each of the Underwriters and the amount of his share may be ascertained by the Assured or the Assured's Representative on application to Aon Group Limited Financial Institutions and Professional Risks, quoting the Certificate Number specified in the Schedule.

If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Certificate shall become void and all claim hereunder shall be forfeited.

**In Witness** whereof this Certificate has been signed For and on behalf of Aon Group Limited on the dates specified below.

Signed _____   Signed _____

Date   28th September 2001   Date   27/9/2001

**J(A)** NMA 2462 (AMENDED)

RC004960
CONFIDENTIAL

# Schedule

Certificate No. 823/FD0001144                                   Contract No. 823/FB0000296

The name and address of the Assured

> GENERAL MOTORS CORPORATION
> 300 Renaissance Center
> Detroit
> Michigan 48265-3000
> U.S.A.

The risk, interest, location and limit(s) of indemnity hereunder

### EXCESS COMBINED SPECIALTY PROGRAMME

This Certificate being for 75.8730% part of 100% of 90% of 20%, Underwriters hereon accept their pro-rata proportion of:

    (a) any loss, whether total or partial;
    (b) associated expenses, if any, and
    (c) the premium;

all as more fully specified in the wording attached hereto which is hereby incorporated in and forms part of this Certificate.

The percentages signed in the Table are percentages of 100% of 90% of 20% of the amount(s) of insurance stated herein.

(542 NCC 00238)

It is understood and agreed that any reference in the attached wording to "Policy" shall be deemed to read "Certificate".

The Premium       USD5,000,000

The Period of Insurance from 15th December 2000 to 15th December 2003 both days at 12.01 a.m. Local Standard Time and for such further period or periods as may be mutually agreed upon

Dated in LONDON 7th February 2001

$J$ or $J(A)$ (Schedule) NMA 2422 for attachment to NMA 2420, NMA 2421, NMA 2461 or NMA 2462

RC004961
CONFIDENTIAL

EXCESS LIABILITY POLICY

DOXS99
LSW1045 (09/00)

RC004962
CONFIDENTIAL

## DECLARATIONS
### EXCESS LIABILITY POLICY

SUBJECT TO ITS TERMS, THIS POLICY APPLIES ONLY TO ANY CLAIM MADE AGAINST THE ASSUREDS DURING THE POLICY PERIOD. THE LIMIT OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY AMOUNTS INCURRED AS REASONABLE AND NECESSARY LEGAL FEES AND EXPENSES IN DEFENDING THE ASSUREDS. THIS POLICY DOES NOT PROVIDE FOR ANY DUTY BY UNDERWRITERS TO DEFEND THE ASSUREDS.

These Declarations along with the completed and signed Application, and the Policy with endorsements shall constitute the contract between the Assureds and Underwriters.

Policy No:       823/FD0001144

Item A.    Named Insured:         GENERAL MOTORS CORPORATION

Principal Address:      300 Renaissance Center
Detroit
Michigan 48265-3000
U.S.A.

Item B.    Policy Period:

From:                  15th December, 2000
To:                    15th December, 2003
Both days at 12.01 a.m. Local Standard Time at the Principal Address stated in Item A

Item C.    Limit of Liability:

USD50,000,000       in the aggregate for the Policy Period.

Item D.    Premium:

USD5,000,000

Item E.    Notification to Underwriters pursuant to Clause V:

Sedgwick, Detert, Moran & Arnold.,
Attention: Chris Kerns,
7th Floor,
The Rookery,
209 South La Salle Street,
Chicago,
Illinois 60604-1202.

Item F.    Primary Policy:

Primary Insurer: Certain Underwriters at Lloyd's and various Insurance Companies
Policy No.: 823/FD0001142
Limits of Liability: USD50,000,000
Retentions/Deductibles: USD5,000,000/USD500,000/USD1,000,000/USD3,000,000/
USD10,000,000/USD10,000/USD175,000
Policy Period: 15th December, 2000 to 15th December, 2003

Item G.    Underlying Excess Policies: None

First Underlying Insurer:
Policy No.:
Limits of Liability:
Retentions/Deductibles:
Policy Period:

Item H.    Service of process in any suit pursuant to Clause VII. shall be made upon:

Mendes & Mount., 750 Seventh Avenue, New York, N.Y. 10019-6829.

Dated in London:        20th August, 2001

RC004963
CONFIDENTIAL

## EXCESS LIABILITY POLICY

In consideration of the payment of the premium, in reliance upon the statements in the Application and subject to the provisions of this Policy, Underwriters and the Assureds agree as follows:

I.   **CONFORMANCE WITH UNDERLYING POLICIES**

Except as regards:

A.   the premium, and

B.   the amount and Limit of Liability, and

C.   the subject matter of Clauses II., III., IV., V., VI, and VII., and

D.   as otherwise may be provided herein,

this Policy is subject to the same insuring clauses, definitions, terms, conditions, exclusions and other provisions as those set forth in the Underlying Policies as described in the materials submitted to Underwriters in connection with the Application for this Policy. No changes to the Underlying Policies as so described shall be binding upon Underwriters under this Policy unless specifically agreed in writing by Underwriters hereon.

II.   **DEFINITIONS**

The following terms whenever used in this Policy shall have the meanings indicated.

A.   "Assureds" shall mean all persons or entities insured under the Primary Policy.

B.   "Primary Policy" shall mean the policy identified in Item F. of the Declarations.

C.   "Underlying Limits of Liability" shall mean the combined limits of liability of the Underlying Policies as set forth in Items F. and G. of the Declarations, less any reduction or exhaustion of said limits of liability due to payment of loss under said policies.

D.   "Underlying Policies" shall mean the policies identified in Items F. and G. of the Declarations.

III.   **MAINTENANCE OF UNDERLYING POLICIES**

This Policy provides excess coverage only. It is a condition precedent to the coverage afforded under this Policy that the Assureds maintain the Underlying Policies with retentions/deductibles and limits of liability (subject to reduction or exhaustion as a result of loss payments), as set forth in Items F. and G. of the Declarations. This Policy does not provide coverage for any loss not covered by the Underlying Policies except and to the extent that such loss is not paid under the Underlying Policies solely by reason of the reduction or exhaustion of the Underlying Limits of Liability through payments of loss thereunder. In the event the insurer under one or more of the Underlying Policies fails to pay loss in connection with any claim as a result of the insolvency, bankruptcy or liquidation of said insurer, then the Assureds shall be deemed self-insured for the amount of the limit of liability of said insurer which is not paid as a result of such insolvency, bankruptcy or liquidation.

IV.   **LIMIT OF LIABILITY**

A.   Underwriters shall be liable to pay loss which is in excess of:

1.   the Underlying Limit of Liability plus

2.   the applicable retention or deductible under the Primary Policy

up to the Limit of Liability as shown under Item C. of the Declarations resulting from each claim made against the Assureds.

B.   The amount shown in Item C. of the Declarations shall be the maximum aggregate Limit of Liability of Underwriters under this Policy.

RC004964
CONFIDENTIAL

C.   Underwriters shall be liable only after the insurers under each of the Underlying Policies have paid or have been held liable to pay the full amount of the Underlying Limit of Liability.

D.   In the event of the reduction or exhaustion of the Underlying Limit of Liability by reason of payment of loss, this Policy shall:

   1.   in the event of reduction, pay excess of the reduced limits, and

   2.   in the event of exhaustion, continue in force as primary insurance; provided, however that in the case of exhaustion this Policy shall only pay excess of the retention or deductible applicable to the Primary Policy as set forth in Item F. of the Declarations, which shall be applied to any subsequent loss in the same manner as specified in the Primary Policy.

V.   NOTIFICATION

Notice to Underwriters of any claims shall be given to the firm shown under Item E. of the Declarations.

VI.   WARRANTY CLAUSE

It is warranted that the particulars and statements contained in the Application, a copy of which is attached hereto, are the basis of this Policy and are to be considered as incorporated into and constituting a part of this Policy.

By acceptance of this Policy, the Assureds agree:

A.   that the statements in the Application are their representations, that they shall be deemed material to the acceptance of the risk or the hazard assumed by Underwriters under this Policy and that this Policy is issued in reliance upon the truth of such representations;

B.   that in the event that the Application contains misrepresentations made with the actual intent to deceive, or contains misrepresentations which materially affect either the acceptance of the risk or the hazard assumed by Underwriters under this Policy, this Policy shall be void and of no effect whatsoever with respect to those Assureds who made or had knowledge of such misrepresentations; and

C.   that, except as provided in Clause VI.B., this Policy shall be deemed to be a single unitary contract and not a severable contract of insurance or a series of individual contracts of insurance with each of the Assureds.

VII.   SERVICE OF SUIT

It is agreed that in the event of the failure of Underwriters to pay any amount claimed to be due hereunder, Underwriters, at the request of any person or entity insured hereunder will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction. Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights to commence an action in any court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States. It is further agreed that service of process in such suit may be made upon the firm shown under Item H. of the Declarations, and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The firm shown under Item H. of the Declarations is authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of any person or entity insured hereunder to give a written undertaking to such person or entity that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

RC004965
CONFIDENTIAL

Further, pursuant to the statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officers specified for that purpose in the statute, or any of their successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of any person or entity insured hereunder or any beneficiary hereunder arising out of this Policy, and hereby designate the firm shown under Item H. of the Declarations as the firm to whom the said officer is authorised to mail such process or a true copy thereof.

LSW1047 (09/00)

RC004966
CONFIDENTIAL

Endorsement Number 01

Attaching to and forming part of Certificate No. 823/FD0001144

In favour of: GENERAL MOTORS CORPORATION.

**U.S.A.**

NUCLEAR INCIDENT EXCLUSION CLAUSE-LIABILITY-DIRECT (BROAD)
(Approved by Lloyd's Underwriters' Non-Marine Association)

For attachment to insurances of the following classifications in the U.S.A., its Territories and Possessions, Puerto Rico and the Canal Zone:-

Owners, Landlords and Tenants Liability, Contractual Liability, Elevator Liability, Owners or Contractors (including railroad) Protective Liability, Manufacturers and Contractors Liability, Product Liability, Professional and Malpractice Liability, Storekeepers Liability, Garage Liability, Automobile Liability (including Massachusetts Motor Vehicle or Garage Liability),

not being insurances of the classification to which the Nuclear Incident Exclusion Clause-Liability-Direct (Limited) applies.

This Policy

does not apply:-

I.    Under any Liability Coverage, to injury, sickness, disease, death or destruction

    (a)    with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (b)    resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II.    Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III.    Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

    (a)    the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

    (b)    the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

    (c)    the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

RC004967
CONFIDENTIAL

IV.     As used in this endorsement:

"**hazardous properties**" include radioactive, toxic or explosive properties; "**nuclear material**" means source material, special nuclear material or byproduct material; "**source material**", "**special nuclear material**", and "**byproduct material**" have the meanings given them in the Atomic Energy Act 1954 or in any law amendatory thereof; "**spent fuel**" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "**waste**" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; "**nuclear facility**" means

(a)     any nuclear reactor,

(b)     any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c)     any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d)     any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "**nuclear reactor**" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

With respect to injury to or destruction of property, the word "**injury**" or "**destruction**" includes all forms of radioactive contamination of property.

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject to the terms, exclusions, conditions and limitations of the Policy to which it is attached.

*NOTE:-    As respects policies which afford liability coverages and other forms of coverage in addition, the words underlined should be amended to designate the liability coverage to which this clause is to apply.

**17/3/60**

N.M.A 1256

All other terms, conditions and limitations remain unaltered.

RC004968
CONFIDENTIAL

Endorsement Number 02

Attaching to and forming part of Certificate No. 823/FD0001144

In favour of: GENERAL MOTORS CORPORATION.

U.S.A.

## RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE-LIABILITY-DIRECT
(Approved by Lloyd's Underwriters' Non-Marine Association)

For attachment (in addition to the appropriate Nuclear Incident Exclusion Clause-Liability-Direct) to liability insurances affording worldwide coverage.

In relation to liability arising outside the U.S.A., its Territories or Possessions, Puerto Rico or the Canal Zone, this Policy does not cover any liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from ionising radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

**13/2/64**
N.M.A. 1477

RC004969
CONFIDENTIAL

Endorsement Number 03

Attaching to and forming part of Certificate No. 823/FD0001144

In favour of: GENERAL MOTORS CORPORATION.

In consideration of the premium charged for this Policy, it is hereby understood and agreed that:

1. Clause II. DEFINITIONS is amended by the addition of the following:

   E. "Named Insured" shall mean the entity named in Item A. of the Declarations.

2. Clause IV. LIMIT OF LIABILITY A. and B. are deleted and the following substituted therefor:

   A. (1) Subject to Clause IV.B., Underwriters shall be liable to pay loss which is in excess of

      (a) the Underlying Limit of Liability plus

      (b) the applicable retention or deductible under the Primary Policy

      up to the Limit of Liability as shown under Item C. of the Declarations resulting from each claim made against the directors and officers.

      (2) (a) The Named Insured may elect, prior to the end of the Policy Period, to reinstate the Limit of Liability of this Policy a single time, effective only upon the payment of an additional premium (calculated at 150% of the pro-rata unearned premium for the Policy, but not less than 150% of the annualized premium) within 30 days after notification to Underwriters of the Named Insured's election to reinstate the Limit of Liability, subject to all provisions of the Primary Policy.

      (b) The reinstated Limit of Liability shall:

      (i) apply excess of the original Limit of Liability of this Policy, the Limit of Liability of the Underlying Policy, the Limit of Liability of all policies of insurance providing excess coverage above this Policy and the reinstated Limit of Liability of the Underlying Policy, and

      (ii) not apply to any claim made prior to the Named Insured's election to receive the Reinstated Limit of Liability except to the extent that any claim made after the Named Insured's election to receive the Reinstated Limit of Liability has eroded the original Limit of Liability

   B. If a reinstatement is not purchased, then the maximum amount Underwriters will pay in the aggregate for all loss under this Certificate is the amount shown in Item C. of the Declarations. If a reinstatement is purchased, then the maximum amount Underwriters will pay in the aggregate for all loss under this Certificate shall be an amount twice that shown in Item C. of the Declarations; provided, however, the maximum Underwriters will pay under this Policy for all loss in connection with any one claim made against those insured hereunder is the amount shown in Item C. of the Declarations.

All other terms, conditions and limitations remain unaltered.

01847936.DOC

RC004970
CONFIDENTIAL

## SEVERAL LIABILITY NOTICE

The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.

LSW 1001 (Insurance)

| Share | Pseudonym | Syndicate No. |
|---|---|---|
| 12.5000% | SJB | 01212 |
| 10.0000% | AGM | 02488 |
| 1.5000% | HGJ | 00205 |
| 16.8890% | PJG | 00079 |
| 10.8570% | WEL | 02020 |
| 4.1020% | PJB | 00456 |
| 3.1360% | PJB | 00456 |
| 2.4130% | PJB | 00456 |
| 2.4130% | PJB | 00456 |
| 6.0310% | RGW | 01047 |
| 6.0320% | WNM | 00250 |
| 75.8730% | | |

RC004971
CONFIDENTIAL

# Lloyd's
# Insurance

FD0001144
GENERAL MOTORS CORPORATION



Lloyd's, London
1 Lime Street,
London EC3M 7HA

The Assured is requested to **read this Insurance** and, if it is incorrect, return it immediately **to your Broker** for alteration. **In all communications** the Certificate Number appearing in line one of the Schedule should be quoted.

823

J(A)

RC004972
CONFIDENTIAL



# Lloyd's

# Co-insurance Policy

(following a leading insurer)

**Whereas** the Assured named in the Schedule herein has paid the premium specified in the Schedule to the Underwriting Members of Lloyd's who have hereunto subscribed their Names (hereinafter called 'the Underwriters'),

**Now We The Underwriters** hereby agree to insure against loss, damage or liability the risk and sum insured stated in the Schedule on the same terms and conditions and at the same rates of the Company specified in the Schedule.

The Underwriters undertake, in the event of a loss, to pay their proportion, it being understood and agreed that the said Company shall, at the time of any loss, and at the same rate, cover at least their proportion stated in the Schedule (subject only to reduction by the amount of any loss not reinstated) for the same risk on the same subject matter, such proportion to be the same on each separate part thereof.

The period of this Insurance is as stated in the Schedule. This Insurance will be subject, without notice, to the general and special conditions, endorsements, assignments and alterations of rates as are or may be assumed in the Company's policy upon which this Insurance is based.

**Now Know Ye** that We the Underwriters, Members of the Syndicates whose definitive numbers in the after-mentioned List of Underwriting Members of Lloyd's are set out in the attached Table, hereby bind ourselves each for his own part and not one for another, our Executors and Administrators, and in respect of his due proportion only, to pay or make good to the Assured or the Assured's Executors or Administrators all such loss, damage or liability as aforesaid after such loss, damage or liability is proved.

**In Witness** whereof the General Manager of Lloyd's Policy Signing Office has subscribed his Name on behalf of each of Us.



LLOYD'S POLICY SIGNING OFFICE
General Manager

CO NMA2074 (17/7/80) Printed by the Corporation of Lloyd's

RC004973
CONFIDENTIAL



THE ASSURED IS REQUESTED TO **READ THIS POLICY.** IF IT IS INCORRECT, PLEASE RETURN IT
IMMEDIATELY TO YOUR BROKER OR AGENT FOR ALTERATION.

**IN ALL COMMUNICATIONS** THE POLICY NUMBER APPEARING OVERLEAF SHOULD BE QUOTED

RC004974
CONFIDENTIAL

This page is intentionally left blank

RC004975
CONFIDENTIAL

## THE SCHEDULE

Policy No: 823/FD0001144

**Name of Assured:**

General Motors Corporation

**Address of Assured:**

300 Renaissance Center
Detroit
Michigan 48265-3000

**Period of Insurance:**

From:   15th December 2000

To:   15th December 2003

both days at the hour expressed in the Company's policy upon which this Policy is based.

**The Risk and Sum Insured hereunder:**

Excess Combined Directors and Officers and Company Liability, Professional Liability, Fiduciary
Liability, and Employment Practices Liability
US$50,000,000 in the aggregate for the Policy Period
Excess of:
US$50,000,000 in the aggregate for the Policy Period

**Leading Co-insuring Company:**

Certain Underwriters at Lloyd's
with 75.8730% of 100% of 90% of 20%

**Premium:**

US$43,000.00 in respect of Signing Schedule A
US$57,000.00 in respect of Signing Schedule B
being this Policy's proportion

Dated in London the 26th October 2001                                        00231262@

17/7/80
NMA2074

RC004976
CONFIDENTIAL

This page is intentionally left blank

Page 2 of 8

RC004977
CONFIDENTIAL

## SEVERAL LIABILITY NOTICE

The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.

08/94
LSW1001 (Insurance)

RC004978
CONFIDENTIAL

This page is intentionally left blank

Page 4 of 8

RC004979
CONFIDENTIAL



The Table of Syndicates referred to on the face of this Policy follows:

SCHEDULE A TABLE OF SYNDICATES APPLICABLE TO: PROFESSIONAL LIABILITY

| Syndicate Number | Percentage | Underwriters' References |
|---|---|---|
| 2488 | 100.00 | AEEM60DB8310 |
| Total Lloyd's Line | 100.00 | |

The list of Underwriting Members of Lloyd's is for the 2000 year of account

This Insurance, being signed for 100% of 10% of 20% insures only that proportion of any loss, whether total or partial, including but not limited to that proportion of associated expenses, if any, to the extent and in the manner provided in this Insurance.

The percentages signed in the Table are percentages of 10% of 20% of the amount(s) of Insurance stated herein.

LPSO Signing Number and Date or Reference: 61530 12/02/2001

RC004980
CONFIDENTIAL

This page is intentionally left blank

RC004981
CONFIDENTIAL

 The Table of Syndicates referred to on the face of this Policy follows:

SCHEDULE B TABLE OF SYNDICATES APPLICABLE TO: DIRECTORS AND OFFICERS / FIDUCIARY / EMPLOYMENT PRACTICES LIABILITY

| Syndicate Number | Percentage | Underwriters' References |
|---|---|---|
| 2488 | 100.00 | AEEM60DB8310 |
| Total Lloyd's Line | 100.00 | |

The list of Underwriting Members of Lloyd's is for the 2000 year of account

This Insurance, being signed for 100% of 10% of 20% insures only that proportion of any loss, whether total or partial, including but not limited to that proportion of associated expenses, if any, to the extent and in the manner provided in this Insurance.

The percentages signed in the Table are percentages of 10% of 20% of the amount(s) of Insurance stated herein.

LPSO Signing Number and Date or Reference: 61533 12/02/2001

RC004982
CONFIDENTIAL

This page is intentionally left blank

RC004983
CONFIDENTIAL

# Certificate of Insurance

This Insurance is effected with the Insurance Company
noted herein (hereinafter called the Insurer).

THE ASSURED is requested to read this Certificate,
and if not correct, return it immediately to Aon Group Limited
for appropriate alteration.



Aon Group Limited
8, Devonshire Square
London
EC2M 4PL

RC004984
CONFIDENTIAL

This Declaration Page is attached to and forms part of Certificate provisions

Contract Number  823/FB0000296                    Certificate Number  823/FD0001144

1.  Name of the Assured

    GENERAL MOTORS CORPORATION

2.  Period of Insurance

    From      15th December 2000
    To        15th December 2003 both days at 12.01 a.m. Local Standard Time

3.  The Insurer's and their Proportion

          24.1270%      Federal Insurance Company

          24.1270%      part of 100% of 90% of 20% of the Limit of Indemnity and the Premium
                        expressed below

4.  Type      EXCESS COMBINED SPECIALTY PROGRAMME

5.  Limit of Indemnity      USD50,000,000 in the aggregate for the policy period.

                            Excess of

                            USD50,000,000 in the aggregate for the policy period.

6.  Premium      USD 5,000,000

7.  Coverholder      Aon Group Limited, 8 Devonshire Square, London, EC2M 4PL.

It is warranted that this Certificate shall run concurrently with and be subject to the same terms,
provisions, and limitations as are contained in Certificate No. 823/FD0001144 issued by Aon Group
Limited on behalf of Certain Underwriters at Lloyd's, London covering the identical subject matter
and risk.

Dated in LONDON 7th February 2001

RC004985
CONFIDENTIAL

In accordance with the authorisation granted to the Coverholder, shown in Item 7 of the Declaration Page, under the Contract Number referred to on the attached Declaration Page by the Insurer, whose name and the proportion underwritten by them can be ascertained by reference to Item 3 of the Declarations Page, and in consideration of the Premium specified herein, the Insurer does hereby bind themselves, to insure in accordance with the terms and conditions contained herein or endorsed hereon.

1. This Certificate shall not be valid unless signed by two authorised employees of the Coverholder.

2. If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Certificate shall become void and all claims thereunder shall be forfeited.

3. The subscribing Insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing Insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.

In Witness whereof this Certificate has been signed on the date specified herein by

**For and on behalf of Aon Group Limited**

Signed _____    Signed _____

Date   27ᵗʰ September 01   Date   28ᵗʰ September 01

RC004986
CONFIDENTIAL