**WALTERS RENWICK RICHARDS SKEENS & VAUGHAN, P.C.**

TRIAL ATTORNEYS

September 10, 2024

**Via Electronic Filing**
The Honorable J. Paul Oetken
United States District Court
40 Foley Square, Room 2101
New York, NY 10007

   Re: *Rowena Drennen, et al., v. Certain Underwriters at Lloyd's, London, et al.*,
     Case No. 23-cv-03385-JPO

Dear Judge Oetken:

  We represent the Class Plaintiffs, the Kessler Settlement Class and the Mitchell Settlement Class, in the above-referenced matter, and respectfully submit this letter motion to request an Order granting the Kessler Class leave to file a Motion for Partial Summary Judgment (the "Motion"). Pursuant to Rule 3.E.ii. of this Court's Individual Rules and Practices in Civil Cases, "[u]nless otherwise ordered by the Court, any summary judgment motion shall be filed within fourteen (14) days after the close of all discovery." Fact discovery was closed in the underlying adversary proceeding in the Bankruptcy Court on June 17, 2021 (Adv. ECF 589), and expert discovery ended on December 10, 2021 (Adv. ECF 754). This Court withdrew the bankruptcy reference on May 12, 2023 (ECF 29).

  The Kessler Class seeks leave to file the Motion in anticipation of the Court's ruling on various objections to the Bankruptcy Court's Report and Recommendation (Adv. ECF 973) concerning various summary judgment motions previously filed by the parties. The Kessler Class intended to wait until after this Court's decision on the objections to the Report and Recommendation before seeking leave to file the Motion, but given the rapidly approaching jury trial set to begin on January 27, 2025, the Kessler Class wants to ensure the Court has ample time to consider the Motion before trial. If the Court upholds the Report and Recommendation as written by the Bankruptcy Court, then coverage under the insuring clause of the Defendant Insurers' policies for Class Plaintiffs' claims will be established, and the Fee Exclusions the Insurers relied on to deny coverage will be held not to apply. That ruling will directly implicate two other defenses still asserted by some, but not all, of the Defendant Insurers based on RFC's purported failure to cooperate with the Insurers or obtain their consent to the Kessler Settlement in 2013.

WRRS&V

P.O. BOX 26188
KANSAS CITY, MO 64196

PH (816) 421-6620 FAX (816) 421-4747
WWW.WRRSVLAW.COM

1100 MAIN, STE 2500
KANSAS CITY, MO 64105

Hon. J. Paul Oetken
September 10, 2024
Page **2** of **2**

The Motion asks the Court to rule, based on undisputed facts in the record, that the Defendant Insurers denied coverage for RFC's claims well before RFC's purported failure to cooperate or obtain consent in 2013. Under well-established governing law, the Defendant Insurers' incorrect denial of coverage bars them from raising subsequent lack of cooperation or consent to settle as a defense to coverage. If the Court were to grant the Motion, it would eliminate two remaining defenses in this case, and significantly shorten the time needed for trial. The Kessler Class can provide a copy of the proposed Motion upon the Court's request.

Given the proposed Motion will be ripe upon the anticipated finding of coverage by the Court and the rejection of the exclusions asserted by the Defendant Insurers in their various motions for summary judgment, and given the rapidly approaching trial, there is good cause for permitting the Kessler Class to file their Motion now so that it can be fully briefed and ruled on before the January 27, 2025 trial date. The Kessler Class respectfully requests that the Court enter an Order allowing the Kessler Class to file their Motion.

Respectfully Submitted,

WALTERS RENWICK RICHARDS
SKEENS & VAUGHAN, P.C.

*Roy Frederick Walters*

R. Frederick Walters
fwalters@wrrsvlaw.com